UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOTORISTS MUTUAL<br>INSURANCE COMPANY | : | DOCKET NO. |
| v. | : | DECLARATORY JUDGMENT |
| SIMPLEX INDUSTRIES, INC. | : | CIVIL ACTION |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff Motorists Mutual Insurance Company, by and through its attorneys, Billet & Associates, LLC, hereby avers the following:

### EXHIBITS

1. True and correct copies of the following exhibits to this Complaint are attached hereto, made a part hereof, and marked as follows:

   Exhibit "A"   Complaint, Gambrill v. Simplex Industries, Inc., Supreme Court of New York, Suffolk County, No. 609602/19;

   Exhibit "B"   Motorists Mutual Insurance Company policy 0/1/2016 - 10/1/2017;

   Exhibit "C"   Motorists Mutual reservation of rights letter to Simplex, December 5, 2019.

### PARTIES

2. Plaintiff Motorists Mutual Insurance Company (hereinafter "Motorists"), is an insurance company and part of Encova Insurance, with its principle place of business at 471 East Broad Street, Columbus, Ohio 43215.

3.   Defendant Simplex Industries, Inc. (hereinafter "Simplex") is a modular home building company with its principle place of business at 1 Simplex Drive, Scranton, Pennsylvania 18504.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over the subject matter of this case due to diversity of citizenship pursuant to 28 U.S.C. §1332, as this is an action between citizens or corporations of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.   Venue lies in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391.

6.   This action is brought under the Federal Declaratory Judgment Act, 28 USC §2201, et seq.

## FACTS AND PROCEDURAL BACKGROUND

### The Underlying Lawsuit

7.   This insurance declaratory judgment action arises out of claims of faulty construction of a modular house. See Exhibit "A."

8.   William and Kaitlin Gambrill allege that they entered into a contract with Somerset Fine Home Building (hereinafter "Somerset") to build a modular home at 23 Chester Street, Bridgehampton, New York for $3,197,123.84. Id., at ¶ 5.

9.   The modular units were constructed and delivered to the jobsite by Simplex, a modular construction company located in Scranton, Pennsylvania. Id., at ¶ 4. The modular units were then installed by Somerset. Id.

10.   The Gambrills claim that, after Simplex delivered the modular units, it became apparent to them and Somerset, that the units manufactured by Simplex were defective. Id., at ¶ 10.

11. It is alleged that the units did not fit together properly and that the plumbing, electrical, and HVAC were defective. Id., at ¶ 12.

12. Simplex allegedly agreed to reimburse the Gambrills for the defects, which the Gambrills claim are over $500,000. Id., at ¶ 16. However, upon information and belief, no payment was made.

13. The Gambrills assert claims for breach of warranty, negligence, and product liability (hereinafter the "Gambrill complaint"). Id., at ¶¶ 21-43.

### Simplex's Insurance with Motorists Mutual Insurance Company

14. Motorists issued policy no. 33-304613-80E to Simplex for the policy period 10/1/2016 - 10/1/2017. See Exhibit "B."

15. Commercial General Liability Coverage Form CG 0001 (12-07) states in part:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring agreement**

a. We will pay...property damage...to which this insurance applies.

...

b. This insurance applies to..."property damage" only if:

(1) The..."property damage" is caused by an "occurrence"....

Exhibit "B" at p. 87.

16. An "occurrence" is defined as:

> ...an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Exhibit "B" at p. 101.

17. The Commercial General Liability Coverage Form also contains exclusions for "Damage to Your Product" (exclusion k) and "Damage to Your Work" (exclusion l).

18. The "Damage to Your Product" exclusion (k) does not provide coverage to:

"Property damage" to "your product" arising out of it or any part of it.

Exhibit "B" at p. 91.

19. The "Damage to Your Work" exclusion (l) does not provide coverage to:

"Property damage" to "your work" arising out of it or any part of it and including in the "products-completed operations hazard."

This exclusion does not apply if the damage work or the work out of which the damage arises was performed on your behalf by a subcontractor.

Exhibit "B" at p. 91.

20. The Gambrill complaint alleges claims for faulty workmanship and damages to correct faulty workmanship, none of which is a covered "occurrence" as defined in Motorists' policy.

21. Coverage to Simplex is also excluded under exclusions (k) ("Damage to Your Product") and (l) ("Damage to Your Work").

22. On December 5, 2019, Motorists sent a reservation of rights letter to Simplex, explaining its coverage position, and why defense and indemnity is not owed to Simplex for the claims in the Gambrill complaint. See Exhibit "C."

## COUNT I

**There is no allegation of an "occurrence" in the Gambrill complaint that triggers Motorists duty to defend or indemnify Simplex**

23. Plaintiff incorporates by reference all allegations in paragraphs 1-22 of this Declaratory Judgment Complaint, as fully as though herein set forth at length.

24. Motorists policy only provides coverage for "property damage" that is caused by an "occurrence." See Exhibit "B" at p. 87.

25. An "occurrence" is defined as an "accident." See Exhibit "B" at p. 101.

26. Under Pennsylvania law, "faulty workmanship does not constitute an "accident" as required to set forth an occurrence under...CGL policies." Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 589 Pa. 317, 336 (2006).

27. The Gambrill complaint only alleges claims against Simplex for "faulty workmanship," including that the modular components did not fit together properly and that the plumbing, electrical, and HVAC were defective. See Exhibit "A" at 12.

28. Faulty workmanship is not an "accident," and not a covered claim under Motorists' policy. Kvaerner, supra.

29. Accordingly, coverage does not apply under the coverage grant of Motorists' policy as it is an occurrence policy, and as the Pennsylvania Supreme Court has found that faulty workmanship is not an "accident," not an "occurrence," and therefore not covered.

WHEREFORE, plaintiff Motorists Mutual Insurance Company demands judgment in its favor as set forth in Count V, infra.

## COUNT II

### The "Damage to Your Product" exclusion precludes coverage for the claims in the Gambrill complaint

30. Plaintiff incorporates by reference all allegations in paragraphs 1-29 of this Declaratory Judgment Complaint, as fully as though herein set forth at length.

31. The "Damage to Your Product" exclusion in the Motorists policy (exclusion k) does not provide coverage for:

"Property damage" to "your product" arising out of it or any part of it.

Exhibit "B" at p. 91.

32. "Property damage" is defined in part as "physical injury to tangible property, including all resulting loss of use of that property." See Exhibit "B" at p. 101.

33. "Your product" is defined in part as "any good or products, other than real property, manufactured, sold, handled, distributed or disposed of by (a) you; (b) others trading under your name; or (c) a person or organization whose business or assets you have acquired." Id., at p. 102.

34. Exclusion (k) applies, as the Gambrill complaint solely asserts claims for faulty workmanship, which is defined as "'property damage' to 'your product arising' out of it."

WHEREFORE, plaintiff Motorists Mutual Insurance Company demands judgment in its favor as set forth in Count V, infra.

## COUNT III

### The "Damage to Your Work" exclusion precludes coverage for the claims in the Gambrill complaint

35. Plaintiff incorporates by reference all allegations in paragraphs 1-34 of this Declaratory Judgment Complaint, as fully as though herein set forth at length.

36. The "Damage to Your Work" exclusion (l) does not provide coverage to:

> "Property damage" to "your work" arising out of it or any part of it and including in the "products-completed operations hazard."
>
> This exclusion does not apply if the damage work or the work out of which the damage arises was performed on your behalf by a subcontractor.

Exhibit "B" at p. 91.

37. "Your work" means:

> (1) Work or operations performed by you or on your behalf; and

6

>  (2) Materials, parts or equipment furnished in connection with such work or operations.

Exhibit "B" at p. 102.

>  38. The "Products-completed operations hazard":
>
>  a. Includes all..."property damage" occurring away from your premises...arising out of "your product" or "your work" except:
>
>  (1) Products that are still in your physical possession; or
>
>  (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>
>  (a) When all the work called for in your contract has been completed.
>
>  ...
>
>  (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
>
>  Work that may need service, maintenance, correction, repair or replacement, by which is otherwise complete, will be treated as completed.

Exhibit "B" p. 101.

   39. Exclusion (l) applies as the <u>Gambrill</u> complaint solely asserts claims for faulty workmanship, which is defined as "property damage" to "your work" in the "products completed operations hazard."

   WHEREFORE, plaintiff Motorists Mutual Insurance Company demands judgment in its favor as set forth in Count V, <u>infra</u>.

7

## COUNT IV

### Claims for breach of warranty, negligence, and strict liability are not covered under Motorists' policy

40. Motorists incorporates by reference all allegations in paragraphs 1-39 of this Declaratory Judgment Complaint, as fully as though herein set forth at length.

41. Pennsylvania law does not recognize the applicability of a general liability policy to breach of contract and breach of warranty claims. Pennsylvania Manufacturers' Ass'n Ins. Co. v. L.B. Smith, Inc., 2003 PA Super 322, ¶ 6 (2003). Here, Motorists' policy issued to Simplex includes a standard commercial general liability coverage form. See Exhibit "B" at p. 87, et seq.

42. The purpose and intent of a general liability insurance policy is to protect the insured from liability for essentially accidental injury to the person or property of another rather than coverage for disputes between parties to a contractual undertaking. Redevelopment Auth. of Cambria County v. Int'l Ins. Co., 454 Pa. Super. 374 (1996), appeal denied 548 Pa. 649 (1997).

43. Motorists has no duty to defend or indemnify Simplex for breach of warranty and breach of contract claims asserted in the underlying action, as these counts fail to allege an "occurrence" caused by an "accident" as defined by Motorists' policy. See Exhibit "B" at Commercial General Liability Coverage Form, p. 87, et seq. See also Pennsylvania Manufacturers' Ass'n Ins. Co. v. L.B. Smith, Inc., supra.

44. The claim for negligence is not a claim for an "occurrence" as the "gist of the action" -- the alleged breach of contract by Simplex -- arises out of contract, not tort. See Erie Ins. Exch. v. Abbott Furnace Co., 2009 PA Super 88, ¶ 11 (2009), appeal denied 604 Pa. 706 (2009); Redevelopment Auth. of Cambria County v. Int'l Ins. Co., supra.

45. Finally, a product liability claim involves a defective product causing injury. In the underlying case, there is no claim that Simplex's defective "product" caused injury. See Exhibit "A." Furthermore, the underlying plaintiffs are only alleging economic damages to the products manufactured by Simplex, which is a claim for breach of contract. See <u>N.Y. State Electric & Gas Corp. v. Westinghouse Electric Corp.</u>, 387 Pa. Super. 537, 551 (1989) (In cases where a product fails to conform and only economic losses result to the product itself and does not cause physical injury or property damage, "the parties' recovery one against the other for economic losses should be limited to an action on that contract and no additional recovery in negligence or strict liability is permitted."). See Exhibit "A."

46. The only claim is that Simplex delivered a defective product and is liable for the defect, which is a claim for "faulty workmanship" that is not covered under Motorists' policy.

47. Accordingly, coverage does not apply to Simplex for the counts of negligence, breach of warranty, and strict product liability, as an "occurrence" has not been alleged.

WHEREFORE, plaintiff Motorists Mutual Insurance Company demands judgment in its favor as set forth in Count V, <u>infra</u>.

## COUNT V

48. Plaintiff incorporates by reference all allegations in paragraphs 1-47 of this Declaratory Judgment Complaint, as fully as though herein set forth at length.

WHEREFORE, plaintiff Motorists Mutual Insurance Company demands judgment in its favor and against the defendant Simplex, declaring, as a matter of law, that:

A. Plaintiff Motorists Mutual Insurance Company has no duty to insure, indemnify, or defend defendant Simplex Industries, Inc., for any claims, actions, causes of action, lawsuits, crossclaims, or counterclaims for property damage and any and all other claims for damages

arising out of alleged faulty workmanship in the construction of a modular house located at 23 Chester Street, Bridgehampton, New York, that was built for William and Kaitlin Gambrill, and including, but not limited to, any of the claims, causes of action, complaints, crossclaims, and counterclaims contained in the lawsuit Gambrill v. Simplex Industries, Inc., Supreme Court of New York, Suffolk County, No. 609602/19, and any other claims and causes of action that may be asserted in that lawsuit; and

      B.      Insurance coverage under Motorists Mutual Insurance Company's insurance Policy No. 33.304613-80E, policy period/effective dates October 1, 2016 to October 1, 2017, including all declarations, terms, provisions, amendments, exclusions, exceptions, and endorsements, does not apply to afford insurance coverage or a defense to defendant Simplex Industries, Inc., for any claims, actions, causes of action, lawsuits, crossclaims, or counterclaims for property damage and any and all other claims for damages arising out of alleged faulty workmanship in the construction of a modular house located at 23 Chester Street, Bridgehampton, New York, that was built for William and Kaitlin Gambrill, and including, but not limited to, any of the claims, causes of action, complaints, crossclaims, and counterclaims contained in the lawsuit Gambrill v. Simplex Industries, Inc., Supreme Court of New York, Suffolk County, No. 609602/19, and any other claims and causes of action that may be asserted in that lawsuit.

BILLET & ASSOCIATES, LLC

By: _____
ROBERT DOUGLAS BILLET, ESQUIRE
PA Atty ID 38430

2000 Market Street, Suite 2803
Philadelphia, PA  19103-3201
215-496-7500/fax 7505
rbillet@billetlaw.com

Attorneys for plaintiff Motorists Mutual
Insurance Company

Date:  January 31, 2020